```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

<u>Jameson C. Randall</u>

   v.                                                           Civil No. 10-cv-50-LM

<u>City of Laconia</u>

## **O R D E R**

Jameson Randall is suing the City of Laconia ("City"), for selling him a house without making the disclosures concerning lead-based paint that are required by 42 U.S.C. § 4852d ("Title X"). Before the court are cross motions for summary judgment to which objections have been duly filed. For the reasons given, the City's motion for summary judgment is granted and, necessarily, Randall's motion for summary judgment is denied.

### **Summary Judgment Standard**

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Once the moving party avers an absence of evidence to support the non-moving party's case, the non-moving party must offer 'definite, competent evidence to rebut the motion,'" Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009) (citing <u>Mesnick v. Gen. Elec. Co.</u>, 950 F.2d 816, 822

(1st Cir. 1991)), and "cannot rest on 'conclusory allegations, improbable inferences, [or] unsupported speculation,'" Meuser, 564 F.3d at 515 (quoting Welch v. Ciampa, 542 F.3d 927, 935 (1st Cir. 2008)).  When ruling on a party's motion for summary judgment, a trial court "constru[es] the record in the light most favorable to the nonmovant and resolv[es] all reasonable inferences in [that] party's favor."  Meuser, 564 F.3d at 515 (citing Rochester Ford Sales, Inc. v. Ford Motor Co., 287 F.3d 32, 38 (1st Cir. 2002)).

**Background**

The following facts are undisputed.  On May 15, 2003, Jameson Randall entered into a purchase and sale agreement with the City.  The subject of the agreement was a residential property at 192 Elm Street in Laconia that was built before 1978.

On May 1, 2003, Randall and his agent both signed, as purchaser and agent, a form titled "Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards FOR HOUSING SALES" (hereinafter "disclosure form").  Neither the City nor its agent ever signed the disclosure form, made the seller's disclosures listed therein, or provided a completed copy of the form to Jameson.  Jameson took title to the subject property in July of 2003.

In August of 2008, Randall's son was diagnosed with an elevated lead level. On February 9, 2010, Randall sued the City in one count, asserting that the City violated 42 U.S.C. § 4852d(a)(1)(B) by failing to provide him with the disclosures required by that statute.[1]

**Discussion**

The City moves for summary judgment, arguing that Randall's action is barred by the statute of limitations. In his objection, Randall does not identify any factual dispute but, rather, relies on the discovery rule and argues that his action is not time barred because he filed suit within three years after learning of his son's elevated lead level. The court does not agree.

The City argues, and Randall appears not to contest, that the statute of limitations applicable to this case provides as follows:

> Except as otherwise provided by law, all personal actions . . . may be brought only within 3 years of the act or omission complained of, except that when the injury and its causal relationship to the act or omission were not discovered and could not reasonably have been discovered at the time of the act or omission, the action shall be commenced within 3 years

---

[1] Specifically, the City was required to disclose to Randall "the presence of any known lead-based paint, or any known lead-based paint hazards, . . . and provide to [him] any lead hazard evaluation report available to [it]." 42 U.S.C. § 4852d(a)(1)(B).

3

>of the time the plaintiff discovers, or in the
>exercise of reasonable diligence should have
>discovered, the injury and its causal relationship to
>the act or omission complained of.

N.H. Rev. Stat. Ann. ("RSA") § 508:4, I.

In order to properly apply the statute of limitations, it is necessary to accurately identify "the act or omission complained of" and the resulting "injury." Given that the sole cause of action in this case is provided by 42 U.S.C. § 4852d(b)(3), the act or omission of which Randall complains is the City's failure to provide him with the disclosures required by Title X when it sold him the subject property.[2] Necessarily, then, the injury Randall suffered was that he took title to the subject property without having been provided with the disclosures required by Title X.[3]

Having established the alleged wrongdoing and the resulting injury in this case, the court turns to the statute of limitations. While it seems counterfactual, the court will

---

[2] The relevant conduct in this case is not the City's sale of a residential property that contained lead-based paint. Title X does not proscribe the sale of residences with lead-based paint; it proscribes a seller's failure to disclose information about lead-based paint and lead-based paint hazards to the buyers of residential properties built before 1978.

[3] Thus, notwithstanding the attention both parties devote to the question of when Randall should reasonably have discovered that the subject property contained lead-based paint, that factual matter is irrelevant because Randall's injury is not that he purchased a residence containing lead-based paint; his injury is that he took title to the subject property without a Title X disclosure from the City.

4

assume for purposes of this motion that at the time Randall took title to the subject property, he had not discovered that the City had failed to make the required disclosures, and had not discovered the causal relationship between the City's failure to make those disclosures and his taking title to the property without them.[4] The question then becomes whether Randall could reasonably have discovered, at the time of the City's unlawful omission, his injury and his injury's causal relationship to the City's omission. He could reasonably have made those discoveries.

Given that Randall signed his portion of the disclosure form in May of 2003, and discussed it with his agent at that time, there was nothing to prevent Randall from discovering his injury, i.e., his lack of Title X disclosure when he took title, at the time he was injured. That is, there is no basis for determining that Randall's injury "could not reasonably have been discovered at the time of the act or omission." RSA 508:4, I. So, too, with the causal relationship between Randall's injury (his lack of Title X disclosure) and the City's act or omission (its failure to provide Title X disclosure). There was

---

[4] This plaintiff-friendly construction of the record seems counterfactual given the undisputed evidence that Randall signed his portion of the disclosure form and that his agent explained the form to him when he signed it and told him that the City was going to complete its portion of the form and return it to him. See Def.'s Mot. Summ. J., Ex. 1 (Randall Dep.), at 87-90.

nothing to prevent Randall from understanding, at the time of his injury, that his injury resulted directly from the City's failure to provide him with the disclosure form his agent had told him to expect from the City.  Because it cannot be said that either Randall's injury or the causal relationship between his injury and the City's unlawful omission "could not reasonably have been discovered at the time of the . . . omission," id., the necessary predicate for invoking the discovery rule was never triggered.  Consequently, Randall had three years from the date of the City's failure to provide him with Title X disclosure to file suit.  Construing the facts most favorably to Randall, the latest possible date for the City's actionable conduct would be the date on which Randall took title, July 22, 2003.  He did not file suit until more than six years later.  Thus, his suit is time barred, and the City is entitled to summary judgment.

### Conclusion

For the reasons given, defendants' motion for summary judgment, doc. no. 23, is granted, and plaintiff's motion for summary judgment, doc. no. 22, is denied.  The clerk of the

court shall enter judgment in accordance with this order and close the case.

    **SO ORDERED.**

                                        _____
                                        Landya B. McCafferty
                                        United States Magistrate Judge

Date:  March 24, 2011

cc:  Robert Dewhirst, Esq.
     Christopher J. Seufert, Esq.